**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **JANINE HUDSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:21-cv-02572-TLP-atc** |
| | ) | |
| **DENIS MCDONOUGH, Secretary of Veteran Affairs,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPORT AND RECOMMENDATION**

Before the Court by order of reference[1] is the Motion to Dismiss filed by Defendant Denis McDonough on March 5, 2024. (ECF No. 20.) Plaintiff Janine Hudson responded in opposition on March 25 and April 8, 2024. (ECF Nos. 25, 27.)[2] Defendant filed a reply on April 9, 2024. (ECF No. 30.) On April 10, 2024, Hudson filed a motion for permission to file a surreply (ECF No. 31), which the Court ultimately granted (ECF No. 35), but no surreply has been filed. For the reasons set forth below, the Court RECOMMENDS that the Motion be granted and that this case be dismissed.

**PROPOSED FINDINGS OF FACT**

Hudson used a Court-provided template for her Complaint, bringing claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"), for gender

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

[2] Hudson did not have permission to file two separate responses to the Motion to Dismiss, and she provides no explanation for doing so. Because the responses are brief and largely identical, however, the Court will consider both for purposes of its recommendations herein.

discrimination and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 *et seq.* (the "ADA"),[3] for disability discrimination. (ECF No. 1, at 1.) In the section of her Complaint describing Defendant's alleged misconduct, Hudson checked boxes indicating Defendant discriminated against her by failing to promote her, failing to accommodate her disability, and for retaliation. (*Id.* at 3.) She also alleges that Defendant "fail[ed] to take action against hostile work environment." (*Id.*) According to Hudson, the discrimination was based upon her gender and her disabilities, which included "bipolar, anxiety, [and] depression." (*Id.* at 4.)

The narrative section of Hudson's Complaint consists of three sentences. First, she alleges that, from November 2019 through August 2021, she "was subjected to a hostile work environment, including harassment and unprofessional conduct from my supervisor and upper management of business office." (*Id.*) She the asserts that, "[a]fter several reports, I became subjected to retaliation from business service as well as HR." (*Id.*) She concludes that, "[i]n August 2021, I was forced to medically retire after business office refuse to place me." (*Id.*)

In the Complaint, Hudson asserts that she filed a charge with the Equal Employment Opportunity Commission ("EEOC") on February 24, 2020. (*Id.* at 5.) She checked the box indicating that the EEOC issued a right-to-sue letter but included an incomplete date as to when that letter was issued. (*Id.*) She seeks back pay of $56,826 and compensatory damages of $200,000. (*Id.* at 6.)

---

[3] The court will construe Hudson's disability-related claims as brought pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* ("Rehabilitation Act"). "The Rehabilitation Act is a federal employee's exclusive remedy for employment related discrimination based on a disability." *Plautz v. Potter*, 156 F. App'x 812, 816 (6th Cir. 2005) (citations omitted). The Sixth Circuit approves of construing a plaintiff's ADA claim as a Rehabilitation Act claim because "there is no significant difference between the substantive standards of the ADA and the Rehabilitation Act." *Id.*

The record now contains additional documents provided by Hudson and Defendant regarding the administrative process. Hudson initially sought EEO counseling on January 21, 2020, and, after Defendant closed that process (ECF No. 20-1), she filed a formal EEO complaint of discrimination on February 24, 2020 (ECF No. 20-2). Defendant completed its investigation into her claims and, on June 10, 2021, emailed her a final agency decision and a right-to-sue letter. (ECF Nos. 1-1, 12-5, 20-3, 20-6.) Defendant sent the email to Hudson at jbhudson45@gmail.com.[4] (ECF No. 20-6.) Hudson then initiated the instant action by filing her Complaint on September 10, 2021. (ECF No. 1.)

**PROPOSED CONCLUSIONS OF LAW**

Defendant argues that Hudson's Complaint should be dismissed because she filed her Complaint ninety-two days after she received a final agency decision via email. (ECF No. 20.) Hudson does not respond to that argument, instead responding to Defendant's other arguments regarding exhaustion and contending that she exhausted "all possible options" before filing her Complaint.[5] (ECF No. 27.)

## I. Standard of Review for Failure to State a Claim[6]

To determine whether Hudson's Complaint states a claim for which relief may be

---

[4] Defendant declares that it did not receive an "undeliverable" message from Hudson's email account. (ECF No. 20, at 8; ECF No. 20-5 ¶ 2.) Defendant did receive such a message from the account of a Veterans Affairs employee who was copied on the email to Hudson. (ECF No. 20-5 ¶ 2.)

[5] Due to the determination herein that Hudson's Complaint was untimely, consideration of Defendant's other arguments is unnecessary.

[6] Defendant cites the standards under Rules 12(b)(1) and 12(b)(6) but does not specify which is applicable to Defendant's timeliness argument. "It is well established that filing a timely charge of discrimination with the EEOC is **not** a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling," a holding whose "logic has been extended to the ninety-day time limit for filing suit in the district court after receipt of a right-to-sue letter." *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 646 (6th Cir. 1998) (quotations and citations omitted).

granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). The Court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel." *Kondaur Capital Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Nevertheless, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Brown v. Matauszak*, 415 F. App'x 608,

613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

## II. Hudson's Complaint Is Time-Barred

Hudson failed to timely initiate this action after receiving her right-to-sue letter. "It is well settled that a plaintiff must first exhaust administrative remedies before filing a discrimination lawsuit under Title VII in federal court." *Hawkins v. Martin Police Dep't,* No. 1:22-cv-01164-STA-jay, 2023 WL 4945350, at *2 (W.D. Tenn. July 12, 2023), *report and recommendation adopted*, 2023 WL 4938414 (W.D. Tenn. Aug. 2, 2023) (citing *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 731 (6th Cir. 2006)). Before suing in federal court, the plaintiff must file charges with the EEOC, "to allow the EEOC the opportunity to convince the parties to resolve the matter by voluntary settlement rather than through litigation." *Id.* (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 498 (6th Cir. 2001); *Randolph*, 453 F.3d at 731–32). If the EEOC elects not to prosecute the plaintiff's discrimination charge, it issues a notice of right to sue to the plaintiff, 29 C.F.R. § 1601.28(b), after which the plaintiff has ninety days to file a federal action, 42 U.S.C. § 2000e-5(f)(1).

"This ninety-day requirement is a timing requirement similar to a statute of limitations and serves as a bar to the plaintiff's lawsuit when the complaint is not timely filed." *Id.* (citing

*Truitt*, 148 F.3d at 646–47). "The ninety-day period applies to all plaintiffs, even those proceeding pro se, and so much as one day's delay is fatal to a claim." *Id.* (quoting *Simns v. Maxim Healthcare Servs., Inc.*, Nos. 12-1016, 12-2026, 2013 WL 435293, at *4 (W.D. Tenn. Feb. 4, 2013)). The limit is "strictly enforced" and "cannot be 'disregarded by courts out of a vague sympathy for particular litigants.'" *Id.* (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000)).

Hudson failed to file her Complaint within that ninety-day timeframe. She received the email with the final agency decision and right-to-sue letter on June 10, 2021. (ECF No. 12-5, at 1–2.) Her deadline to file a complaint in federal court was therefore September 8, 2021, but she did not file her Complaint until September 10, 2021, two days after the deadline. Hudson does not contest any of those facts. As such, her Complaint was untimely.

That untimeliness mandates that dismissal is warranted. "'[I]n the absence of waiver, estoppel or equitable tolling,' the ninety-day time limit governs." *Peete-Jeffries v. Shelby Cnty. Bd. of Educ.*, No. 22-2003-TLP-TMP, 2022 WL 17825037, at *4 (W.D. Tenn. Mar. 23, 2022), *report and recommendation adopted*, 2022 WL 17620287 (W.D. Tenn. Dec. 13, 2022) (quoting *Williams v. Sears, Roebuck and Co.*, 143 F. Supp. 2d 941, 945 (W.D. Tenn. 2001)). Hudson has not asserted any arguments regarding waiver, estoppel, or equitable tolling (and, indeed, has not addressed the untimeliness of her Complaint at all), nor does the record present a basis for such findings.[7] Hudson's Complaint came two days late and must therefore be dismissed. *See, e.g.*,

---

[7] The Sixth Circuit provides plaintiffs five extra days if they received the right-to-sue letter by mail. *See, e.g.*, *Graham-Humphreys*, 209 F.3d at 557 n.9 ("The Sixth Circuit allots two days for postal delivery of a RTS notice beyond the three day period allowed by Federal Rule of Civil Procedure 6(e)."). That practice is inapplicable in this case, however, where Hudson received her right-to-sue letter by email. *See, e.g.*, *Golden v. Henry Ford Coll.*, No. 23-10047, 2024 WL 1130249, at *8 n.9 (E.D. Mich. Feb. 23, 2024) ("[T]his principle is relevant only where there is a

*Johnson v. United States Postal Serv.*, 863 F.2d 48, 1988 WL 122962, at *3 (6th Cir. 1988) (unpublished table decision) ("If courts were to toll the limitation period whenever a plaintiff was one day late, the effect would be to create a [ninety-one]-day limitation period.").

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that Defendant's Motion to Dismiss be granted and that this case be dismissed for failure to state a claim on which relief may be granted.

Respectfully submitted this 11th day of September, 2024.

s/ Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver/forfeiture of objections, exceptions, and further appeal.

---

dispute regarding a plaintiff's actual receipt date of a right-to-sue letter."); *see also Chowaniec v. City of Chicago*, No. 22-2892, 2023 WL 4234398 (7th Cir. June 28, 2023) (affirming dismissal of a complaint filed ninety-one days after service of a right-to-sue letter by email); *Keller v. Sierra-Cedar, LLC*, No. 4:22-CV-00013, 2024 WL 345501, at *3 (M.D. Pa. Jan. 30, 2024) ("When the actual date of receipt is known, that date controls; where the actual date of receipt is unknown, courts will presume receipt took place three days after the EEOC mailed it." (quoting *Edwards v. Bay State Milling Co.*, 519 F. App'x 746, 748 (3d Cir. 2013))). Notably, the email address to which Defendant sent her right-to-sue letter is the same email address Hudson uses in the instant action, as reflected on the docket, and the same email address Hudson provided to counsel for Defendant (*see* ECF No. 20, at 3 n.4).