IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JANINE HUDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:21-cv-02572-TLP-atc |
| v. ) | |
| ) | |
| DENIS MCDONOUGH, Secretary of ) | |
| Veterans Affairs, ) | |
| ) | |
| Defendant. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pro se Plaintiff Janine Hudson sued Defendant Denis McDonough, Secretary of Veterans Affairs, on September 10, 2021, for employment discrimination. (ECF No. 1.) Defendant moved to dismiss, arguing, among other things, that the claims were time-barred because Plaintiff did not timely file her complaint. (ECF No. 20.) Plaintiff opposed the motion (ECF Nos. 25, 27), and Defendant replied (ECF No. 30). Magistrate Judge Annie T. Christoff then entered a Report and Recommendation ("R&R") recommending that the Court grant Defendant's Motion to Dismiss (ECF No. 36), and Plaintiff timely objected (ECF No. 37).

For the reasons below, the Court **ADOPTS** the R&R and **DISMISSES WITH PREJUDICE** Plaintiff's Complaint.

**BACKGROUND**

Plaintiff's Complaint for gender and disability discrimination alleges a failure to promote, failure to accommodate a disability, retaliation, and "failure to take action against hostile work environment." (ECF No. 1 at PageID 3.) She asserts that she "was subjected to a hostile work

1

environment, including harassment and unprofessional conduct from [her] supervisor and upper management of business office." (*Id.* at PageID 4.) She also claims that, "[a]fter several reports, [she] became subjected to retaliation from business service as well as HR." (*Id.*) She finally alleges that she "was forced to medically retire after business office refuse[d] to place [her]." (*Id.*) Plaintiff checked a box on her Complaint form signifying that the Equal Employment Opportunity Commission ("EEOC") "<u>has</u> issued a Right to Sue letter, which [she] <u>received</u>" in June, though she did not include the specific date when she received the letter. (*Id.* at PageID 5.) The EEOC Right to Sue letter and email sending the letter to Plaintiff are dated June 6, 2021. (ECF No. 20-3 at PageID 162 (final agency decision and Right to Sue letter); ECF No. 20-6 at PageID 171 (email with final agency decision and Right to Sue letter).)

Defendant moved to dismiss Plaintiff's Complaint, arguing the entire Complaint is time-barred. (ECF No. 20 at PageID 116.) Defendant also argues that, even if the Complaint were not time-barred, Plaintiff did not exhaust her administrative remedies or state a claim for her retaliation, failure-to-accommodate, failure-to-promote, or forced-retirement claims. (*Id.*) Plaintiff counters that she has "exhausted all possible options" but does not address the timeliness of her filing. (ECF No. 27.)

## **LEGAL STANDARD**

When deciding whether a complaint states a claim on which relief can be granted, courts apply the standard of Federal Rules of Civil Procedure 8 and 12(b)(6), which the Supreme Court explains in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief" and giving the defendant fair notice of the claim and the grounds for the claim. *Twombly*, 550 U.S. at 555. And "[t]o survive a motion to

2

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). In other words, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Wamer v. Univ. of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022), *cert. denied*, 143 S. Ct. 444 (2022) (citation omitted). But the court need not accept "legal conclusions or unwarranted factual inferences." *Moderwell v. Cuyahoga Cnty.*, 997 F.3d 653, 659 (6th Cir. 2021) (quoting *Jackson v. Prof'l Radiology Inc.*, 864 F.3d 463, 466 (6th Cir. 2017)). Instead, the "complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Arsan v. Keller*, 784 F. App'x 900, 909 (6th Cir. 2019) (quoting *Commercial Money Ctr. v. Ill. Union Ins.*, 508 F.3d 327, 336 (6th Cir. 2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Courts must "liberally construe[]" pleadings filed by pro se plaintiffs and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). But this "lenient treatment . . . has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). Pro se plaintiffs must still plead enough "*factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678). District courts are not "required to

create" a pro se plaintiff's claim for him. *Payne v. Sec'y of the Treasury*, 73 F. App'x. 836, 837 (6th Cir. 2003); *see also Thomas v. Romanowski*, 362 F. App'x 452, 456 (6th Cir. 2010) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants." (quoting *Pliler v. Ford*, 542 U.S. 225, 231 (2004))).

Finally, a magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain pretrial matters, including whether to dismiss a case on summary judgment. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). If neither party objects, then the district court reviews the R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee's note. If either party objects, the district court reviews the objected-to portions of the R&R de novo, Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1), but a party cannot raise new argument or issues in objections that it did not present to the magistrate court without compelling reasons, *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). On review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1). The district court need not articulate all its reasons for rejecting a party's objection. *See Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

A party who objects must "be clear enough to enable the district court to discern those issues that are dispositive and contentious."[1] *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)

---

[1] "A general objection that does not identify specific issues from the magistrate's report . . . is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy." *Hastings v. Shelby Cnty. Gov't*, No. 2:17-cv-02687-SHL-cgc, 2019 WL 3782198, at *1 (W.D. Tenn. Aug. 12, 2019) (citations omitted); *see also United States v. Berry*, Nos. 05-20048-BC, 10-12633-BC, 2011 WL 1627902,

(citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). "Failure to identify specific concerns with a magistrate judge's report results in treatment of a party's objections as a general objection to the entire magistrate judge's report." [2] *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004). And "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) (citing *Miller*, 50 F.3d at 380). When a plaintiff submits only vague, general, or conclusory objections, then the district court may review the R&R for clear error, rather than de novo.

I.   **Plaintiff's Objections**

Judge Christoff entered her R&R in September 2024, and Plaintiff responded timely. (*See* ECF Nos. 36, 37.) But Plaintiff's objections are not specific enough to meet the requirements of Federal Rule of Civil Procedure 72(b)(2). Plaintiff generally states her belief that the parties have "established" that jurisdiction exists in this case, restates her claim that the "VA did not provide reasonable accommodations," and summarizes other filings in this case—all without identifying any errors Judge Christoff made or explaining why her claims should not be dismissed. (ECF No. 37.) Her response is too vague.

Because Plaintiff failed to identify specific errors within Judge Christoff's report, the Court will review the R&R for clear error. *See Miller*, 50 F.3d at 380 (finding that a party's objections to report and recommendation were general objections when they "were summary in nature, with no specificity at all," "failed specifically to address the findings of the magistrate,"

---

at *2 (E.D. Mich. Apr. 29, 2011) ("[O]bjections to a magistrate judge's report an[d] recommendation must be specific challenges to the magistrate judge's conclusions.").
[2] "Overly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (citing *Miller*, 50 F.3d at 380), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

5

"disputed the correctness of the magistrate's recommendation but failed to specify the findings that she believed were in error," and "simply objected to the report and recommendation and referred to several of the issues in the case"). Plaintiff fails to show that Judge Christoff committed any errors, much less clear ones.

## DISPOSITION

Having reviewed the record here, the Court finds no clear error. In fact, the Court agrees with Judge Christoff's analysis and her conclusions in the R&R. The Court therefore **ADOPTS** the R&R.

Judge Christoff's R&R correctly stated that Plaintiff did not sue timely. (ECF No. 36.) As Judge Christoff pointed out, Title VII requires that any person bringing a claim of employment discrimination must file the Complaint within ninety days of receiving the Right to Sue letter. (ECF No. 36.) *See also Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000) (quoting 42 U.S.C. § 2000e-5(f)(1)). The parties seem to agree that Plaintiff received her Right to Sue letter on June 10, 2024.[3] (See ECF No. 1 at PageID 5 (complaint noting Plaintiff received her Right to Sue letter in June); ECF No. 20-3 at PageID 162 (final agency decision and notice of Right to Sue dated June 10, 2021); ECF No. 20-6 at PageID 171 (email from June 10, 2021, to Plaintiff with final agency decision attached).) She

---

[3] Despite multiple opportunities, Plaintiff does not dispute that she received the Right to Sue letter when it was issued on June 10, 2021, or provide any grounds for tolling the 90-day period. (*See, e.g.*, ECF Nos. 10, 12, 27, 37.) And the paralegal specialist from the EEOC who reviewed the digital trace certificate for Plaintiff's Right to Sue Letter declared under penalty of perjury that the email to Plaintiff was not returned undeliverable. (ECF No. 20-5 at PageID 168–70.) Thus, there is no clear error in Judge Christoff's proposed finding that Plaintiff received her Right to Sue letter on June 10, 2021. *See also Golden v. Henry Ford Coll.*, No. 23-10047, 2024 WL 1130249, at *8 n.9 (E.D. Mich. Feb. 23, 2024) (collecting cases that discuss when a Right to Sue letter is "received").

did not file her Complaint, however, until Tuesday, September 10, 2024—ninety-two days after receiving her Right to Sue letter.

This Court agrees with Judge Christoff that Plaintiff's Complaint was untimely. Finding no clear error, the Court **ADOPTS** Judge Christoff's recommendation.

## **CONCLUSION**

Having reviewed Judge Christoff's R&R for clear error and finding none, the Court **ADOPTS** her recommendation and **DISMISSES WITH PREJUDICE** Plaintiff's Complaint.

**SO ORDERED**, this 26th day of September, 2024.

                                              s/Thomas L. Parker
                                              THOMAS L. PARKER
                                              UNITED STATES DISTRICT JUDGE